# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

QUIWANERA SPIKES, )
                      Plaintiff, )
vs. )
EXTRA STORAGE SPACE, *et al.*, )
                      Defendants. )

Case No. 2:14-cv-00796-APG-CWH

**ORDER**

       This matter is before the Court on Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#1), filed on May 20, 2014. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915(a) to proceed *in forma pauperis* and submitted a complaint along with her Application.

**I.**    ***In Forma Pauperis* Application**

       In Plaintiff's Application, she asserts that she is unemployed, does not receive benefits or supplemental income, does not have any assets, and cannot pay the filing fee. Application #1. Plaintiff is currently incarcerated and certifies that her inmate account has a current account balance of $0.11, an average monthly balance of $0.19, and an average monthly deposit of $0. *Id.* at 5. Based on the financial information provided, the Court finds that Plaintiff is unable to pay an initial partial filing fee. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a). However, even if this action is dismissed, the full filing fee of $400.00 must still be paid pursuant to 28 U.S.C. § 1915(b)(2), as amended by the Prison Litigation Reform Act of 1995. Plaintiff shall be required to make payments of 20% of the preceding month's deposits to the prisoner's account, in months that the account exceeds $10.00, until the full filing fee has been paid for this action. The Court will now review Plaintiff's Complaint.

**II.**    **Screening the Complaint**

       Upon granting a request to proceed in forma pauperis, a court must additionally screen a

complaint. Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted). When a court dismisses a complaint, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

### A. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff asserts damages of $25,000 and Plaintiff and Defendants appear to be Nevada citizens so there is no diversity jurisdiction in this case.

### B. Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily

1  turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086,
2  1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S.
3  1, 8-9 (1983)).  The presence or absence of federal-question jurisdiction is governed by the "well-
4  pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-
5  pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face
6  of the plaintiff's properly pleaded complaint." *Id.*  Here, Plaintiff appears to be alleging a tort claim for
7  conversion of her personal property.  However, Plaintiff failed to cite any authority or provide a
8  statement that identifies the causes of actions she wishes to bring against Defendants.  Further,
9  conversion is a state law claim so no federal question jurisdiction exists.

10  Plaintiff will be given leave to amend her complaint to correct the noted deficiencies.  However,
11 she should be aware that the Court cannot refer to a prior pleading in order to make an amended
12 complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without
13 reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes
14 the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an
15 amended complaint, the original pleading no longer serves any function in this case.  Therefore, in an
16 amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17  Based on the foregoing and good cause appearing therefore,

## ORDER

19  **IT IS ORDERED** that Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#1) is
20 **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).
21 However, even if this action is dismissed, the full filing fee of $400.00 must still be paid pursuant to 28
22 U.S.C. § 1915(b)(2).

23  **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to its
24 conclusion without the necessity of prepaying any additional fees or costs or giving security therefor.
25 This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at
26 government expense.

27  **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Southern Nevada
28 Womens Correctional Center shall pay to the Clerk of the United States District Court, District of

1  Nevada, twenty percent of the preceding month's deposits to Plaintiff's account (inmate #1101769), in
2  the months that the account exceeds $10.00, until the full $400 filing fee has been paid for this action.
3  The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office.
4  Additionally, the Clerk shall send a copy of this order to the Chief of Inmate Services for the Southern
5  Nevada Womens Correctional Center.

6  **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

7  **IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure
8  to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30)**
9  **days** from the date that this Order is entered to file an Amended Complaint, if she believes she can
10 correct the noted deficiencies and state a claim for relief. Failure to comply with this Order may result
11 in the Court recommending that this action be dismissed.

12  Dated this 21st day of May, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**