1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   QUIWANERA SPIKES,                    )
                                         )        Case No. 2:14-cv-00796-APG-CWH
8                       Plaintiff,       )
                                         )        <u>**FINDINGS AND**</u>
9   vs.                                  )        <u>**RECOMMENDATION**</u>
                                         )
10  EXTRA STORAGE SPACE, *et al.*,       )
                                         )
11                                       )
                        Defendants.      )
12  _____  )

13          This matter is before the Court on Plaintiff's Amended Complaint (#4), filed on June 4, 2014.

14  On May 21, 2014, the Court granted Plaintiff's Motion/Application for Leave to Proceed *in forma*

15  *pauperis* (#1).  In addition, the Court denied Plaintiff's Complaint (#1-1) without prejudice for failure

16  to state a claim for relief and granted Plaintiff thirty days to submit an amended complaint.  Plaintiff

17  timely filed an amended complaint, which the Court will now screen.

18  **I.      Screening the Amended Complaint**

19          Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the

20  complaint pursuant to § 1915(a).  Federal courts are given the authority to dismiss a case if the action is

21  legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

22  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Allegations

23  of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers.

24  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium).  When a court dismisses a complaint under §

25  1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its

26  deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by

27  amendment*.  See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

28          Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

    failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

1  ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

2  2000).  A properly pled complaint must provide a short and plain statement of the claim showing that

3  the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,

4  555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels

5  and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556

6  U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as

7  true all well-pled factual allegations contained in the complaint, but the same requirement does not

8  apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action,

9  supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the

10  complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.

11  *Twombly,* 550 U.S. at 570.

12        Additionally, the court cannot refer to a prior pleading in order to make an amended complaint

13  complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without reference

14  to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original

15  complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

16  complaint, the original pleading no longer serves any function in this case.  Therefore, in an amended

17  complaint, each claim and the involvement of the defendant must be sufficiently alleged.

18        **A.**    **Diversity Jurisdiction**

19        Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions

20  in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the

21  matter is between "citizens of different states."  Plaintiff asserts damages of $25,000 and Plaintiff and

22  Defendants appear to be Nevada citizens so there is no diversity jurisdiction in this case.

23        **B.**    **Federal Question Jurisdiction**

24        As a general matter, federal courts are courts of limited jurisdiction and possess only that power

25  authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28

26  U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the

27  Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where

28  federal law creates the cause of action or 'where the vindication of a right under state law necessarily

2

1  turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086,

2  1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S.

3  1, 8-9 (1983)).  The presence or absence of federal-question jurisdiction is governed by the "well-

4  pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-

5  pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face

6  of the plaintiff's properly pleaded complaint." *Id.*  Here, Plaintiff appears to be alleging a tort claim for

7  conversion of her personal property.  However, Plaintiff failed to cite any authority or provide a

8  statement that identifies the causes of actions she wishes to bring against Defendants.  Further,

9  conversion is a state law claim so no federal question jurisdiction exists.  Plaintiff was previously given

10 leave to amend to state a claim for relief.  The Court finds that Plaintiff has failed to state a federal

11 cause of action and therefore, her amended complaint should be dismissed with prejudice and this

12 action closed.

13      Based on the foregoing and good cause appearing therefore,

14                    <u>**RECOMMENDATION**</u>

15      **IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint (#4) be **dismissed**

16 **with prejudice** because Plaintiff failed to state a claim upon which relief can be granted.

17                         <u>**NOTICE**</u>

18      Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

19 writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held

20 that the courts of appeal may determine that an appeal has been waived due to the failure to file

21 objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also

22 held that (1) failure to file objections within the specified time and (2) failure to properly address and

23 brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

24 issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt*

25 *v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

26

27

28

1    Dated this 5th day of June, 2014.

2

3

4                                                    _____
                                                     **C.W. Hoffman, Jr.**
5                                                    **United States Magistrate Judge**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28